NATHAN W. LAPOTIN, Appellant, v. PETER CUMMINGS, Respondent.— This is an appeal from an order entered in Albany county setting aside a verdict in favor of the plaintiff. The case was tried in the Supreme Court before a jury and resulted in a verdict for the sum of $200. The court below directed the verdict be set aside unless the plaintiff stipulated to enter judgment for $50 in lieu of the verdict of the jury. Appellant refused to file the necessary stipulation and the verdict was accordingly set aside and this appeal was taken. Plaintiff sued the defendant, a marshal of the city of Albany, for failure to exercise his statutory duty to sell at public auction the property seized by said marshal, consisting of an oil painting levied on under an execution issued to him by the plaintiff. Upon the trial the plaintiff submitted testimony by deposition of two experts, who fixed the value of the oil painting between $300 and $350. Defendant submitted testimony of his expert that the value of the painting was much less; that the value would not exceed $50. The painting was by a German artist. The question of the value was for the jury. The painting was exhibited to them, they heard the evidence and the evidence of the plaintiff's experts amply supports the verdict of the jury. Order reversed, on the law and facts, with costs, and verdict reinstated. Hill, P. J., Crapser and Bliss, JJ., concur; McNamee and Heffernan, JJ., dissent, and vote to affirm, on the ground that there was no evidence by qualified witnesses, on the part of the plaintiff, as to the market value of the painting in Albany. The only competent and substantial evidence of value was that given by the defendant's witnesses, who were experts, familiar with the market value in Albany; that the verdict is against the weight of the credible evidence, and that the trial justice did not abuse his discretion in setting it aside.

WASIL KATZOVITCH, Appellant, v. FIDELITY PHOENIX FIRE INSURANCE COMPANY, Respondent.— Appeal from an order of the Special Term and a judgment entered pursuant thereto in the office of the clerk of Ulster county on March 14, 1938, dismissing the complaint on the merits. On November 18, 1935, plaintiff brought an action on an insurance policy issued to him by the defendant, to recover a loss caused by fire on November 1, 1934. The defendant answered, denying material allegations, and interposing defenses, one of which was that the action was brought after the period of limitation fixed by the policy, viz., one year. The defendant then moved for judgment under rule 113 of the Rules of Civil Practice. The plaintiff did not appear on the return day, but defaulted, and judgment on the merits was granted in favor of the defendant on May 7, 1936. On December 6, 1937, more than a year and a half later, the plaintiff brought this action to recover the same loss on the same policy. In this action plaintiff alleges in addition to the matters set forth in the former one, the facts that defendant's attorney extended plaintiff's time to bring this action, and by its conduct waived a violation of the provision of the policy against the giving of a chattel mortgage on the property insured, and then asks in the amended complaint herein a cancellation of the chattel mortgage given to a third person not a party to this action. Except damages for the fire loss, no other relief is sought. The Special Term granted an order and judgment dismissing the complaint on the ground that there was an existing judgment on the merits determining the same cause of action between the same parties. Judgment and order unanimously affirmed, with twenty-five dollars costs. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.